IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                                                          CASE NO.  4:05cr5-RH/WCS

MATTHEW B. SHIVERS,

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS**

The grand jury indicted defendant Matthew B. Shivers under 18 U.S.C. §§922(g)(1).  That statute makes it unlawful for a convicted felon:

> to ship or transport in interstate or foreign commerce, or to possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. §922(g)(1).

Mr. Shivers has moved to dismiss the indictment, asserting that the statute exceeds the scope of Congress's authority under the commerce clause.  In support of this claim he cites *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), which struck down 18 U.S.C. §922(q).  That statute prohibited

possession of a firearm within specified proximity to a school, without regard to whether the firearm had moved in interstate commerce.  Mr. Shivers notes that §922(g) prohibits possession of a firearm "in or affecting commerce" without an express limitation to "interstate or foreign commerce," and he notes that in this respect the "possession" clause is unlike the "ship or transport" clause of §922(g) and equivalent provisions in other subsections of §922, which *are* explicitly limited to "interstate or foreign" commerce.  Finally, Mr. Shivers cites *United States v. Denalli*, 73 F.3d 328 (11th Cir. 1996), *modified in part*, 90 F.3d 444 (11th Cir. 1996), which reversed a conviction for arson of a private home on the ground that the government failed to show that the crime had a substantial impact on interstate or foreign commerce.

Leaving aside any question of whether all or some of Mr. Shivers' claims are not properly raised by motion to dismiss, I deny the motion on the merits, as required by the law of the circuit.

The Eleventh Circuit has squarely rejected the assertion that *Lopez* invalidates §922(g).  *See United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding §922(g)(1) constitutional on its face and as applied).  As construed there, §922(g) applies only to firearms that have moved in interstate or foreign commerce.  The school zone statute at issue in *Lopez*, §922(q), included no such limitation.  Thus §922(g) is constitutional, even though §922(q) was not.  As

the Eleventh Circuit said*:*

> §922(g) makes it unlawful for a felon to "possess *in or affecting commerce,* any firearm or ammunition."  18 U.S.C. §922(g) (emphasis added).  This jurisdictional element defeats McAllister's facial challenge to the constitutionality of §922(g)(1).

*McAllister*, 77 F.3d at 390; *see also id*. at 390 n.4 (citing *Lopez* and contrasting §922(g)(1) with predecessor statute 18 U.S.C. §1202(a)).  Thus, under the law of the circuit, the reference in §922(g) to "commerce" means "interstate or foreign commerce," and this is sufficient to render the statute constitutional.

More recent Eleventh Circuit decisions confirm this result.  *See, e.g.*, *United States v. Scott*, 263 F.3d 1270, 1273-74 (11th Cir. 2001) (holding that "the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes §922(g)(1) from Scott's facial constitutional attack" and "reaffirm[ing] McAllister's holding that as long as the weapon in question has a 'minimal nexus' to interstate commerce, §922(g)(1) is constitutional"); *United States v. Dupree*, 258 F.3d 1258 (11th Cir. 2001) (holding that "in or affecting commerce" language satisfies jurisdictional element required by the commerce clause, and reaffirming that only "minimal nexus to interstate commerce" is required) (citing *McAllister*, 77 F.3d at 390); *United States v. Chisholm*, 105 F.3d 1357, 1357-58 (11th Cir. 1997) (holding that even if *McAllister* and *Denalli* are in

tension, *McAllister* is binding precedent that controls the interpretation of §922(g)(1)).

In short, the law of the circuit is that the limitation of §922(g) to firearms that have moved in interstate commerce renders the statute constitutional, and that the government need show no further nexus to interstate commerce.

There is, to be sure, some tension between this approach—which requires only a technical connection with interstate commerce and establishes little real restraint on congressional authority—and the more substantive approach reflected in cases such as *Denalli* and *United States v. Morrison*, 529 U.S. 598, 120 S. Ct. 1740, 146 L. Ed. 2d 658 (2000) (invalidating Violence Against Women Act). If the slate were clean, much could be said for the view that the commerce clause should be applied based on the substance of an event at issue and the real effect of that event—or the overall effect of events of that type—on interstate commerce. On this view, it would not matter so much that a firearm might have crossed a state line in 1909, which may be all the government can—or need—prove in the case at bar. But such an emphasis on the substance of transactions of the type at issue might not help Mr. Shivers; the overall effect of felons possessing firearms on the life and health of the nation might well be deemed a substantial effect on interstate commerce. In order to prevail, then, Mr. Shivers would have to steer a narrow if not non-existent path between an exceedingly technical approach (under which

*Case No: 4:05cr5-RH/WCS*

movement of a firearm in interstate commerce is sufficient to bring a case within federal jurisdiction), on the one hand, and a realistic and substantive approach (under which the overall effect on interstate commerce of felons possessing firearms might be deemed sufficient to bring such cases within federal jurisdiction), on the other hand. Whether such a path could be steered is, at the district court level, a moot point, because the law of the circuit has settled the matter in favor of the technical approach, at least with respect to §922(g).

For these reasons,

IT IS ORDERED:

Defendant's motion to dismiss (document 14) is DENIED.

SO ORDERED this 19th day of April, 2005.

s/Robert L. Hinkle<br>Chief United States District Judge